UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE  DIVISION

JOHN CLARDY,                           )
          Plaintiff,                )
                                )
     vs.                            )          3:11-cv-00035-RLY-WGH
                                )
MPW INDUSTRIAL SERVICES, INC.,         )
          Defendant.                )

**ENTRY ON DEFENDANT'S MOTION TO DISMISS COMPLAINT**

This diversity action was initiated in Spencer Circuit Court and was properly removed to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Defendant MPW Industrial Services, Inc. ("MPW"), now moves this court to dismiss the Complaint of Plaintiff, John Clardy ("Clardy"), for failure to state a claim for relief against MPW pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, Defendant's Motion is **GRANTED.**

I.     **Background**

Clardy was hired as a safety inspector for MPW in August 2009.  (Complaint ¶ 3). His duties included "conducting health and safety audits of work activities to identify unsafe acts and conditions."  (*Id*. ¶ 5).  During the month of September 2009, Clardy observed what he believed to be safety violations with three of MPW's clients.  (*Id*.). Clardy reported these incidents to MPW as soon as he was made aware of them.  (*Id*.).

1

On October 15, 2009, Clardy was terminated from his employment with MPW.  (*Id*. ¶ 8).

## II.     Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted."  Once the plaintiff adequately states a claim, the claim "may be supported by showing any set of facts consistent with the allegations in the complaint."  *Caldwell v. Jones*, 513 F.Supp.2d 1000, 1003 (N.D. Ind. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007)).  In making its determination, the court accepts the allegations in the complaint as true, and it draws all reasonable inferences in favor of the plaintiff.  *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996).  In accordance with this standard, the facts outlined above are accepted as Clardy alleges them.

## III.     Discussion

"Indiana generally follows the employment-at-will doctrine that permits both the employer and the employee to terminate the employment at any time for a good reason, bad reason, or no reason at all."  *Montgomery v. Bd. of Trustees of Purdue University*, 849 N.E.2d 1120, 1128 (Ind. 2006) (citations and quotations omitted).  However, the Indiana Supreme Court has outlined three ways to rebut the presumption of at-will employment, one of which is the public policy exception.  *Orr v. Westminster Village*

*North, Inc.*, 689 N.E.2d 712, 718 (Ind. 1997).  To fall within the public policy exception,[1] a plaintiff must show that "a clear statutory expression of a right or duty is contravened" and that the discharge was in retaliation for the exercise of that right or duty.  *Groce v. Eli Lily & Co.* 193 F.3d 496, 503 (7th Cir. 1999) (citing *Orr*, 689 N.E.2d at 718).  The public policy exception is not available to an at-will employee if the employee has remedies available under other relevant statutes.  *Id*. at 503-504 (holding that because the employee could have pursued remedies under Indiana Code Section 22-8-1.1-38.1, he did not state a common law claim of retaliatory discharge); *Chambers v. Walgreen Co.*, 2009 U.S. Dist. LEXIS 99574, at *6 (N.D. Ind. Oct. 26, 2009) ("This Court, as well, has held that 'under Indiana law, to assert a claim for wrongful discharge, there must be no other remedy adequate to deter the employer's conduct.'") (quoting *Boyer v. Canterbury Sch., Inc.*, 2005 U.S. Dist. LEXIS 45460, at *14 (N.D. Ind. Sept. 27, 2005)).  The issue here is whether Clardy has other statutory remedies available to him such that his common law retaliatory discharge claim must be dismissed.

### A.    Indiana Code Section 22-8-1.1-38.1 Is Applicable to Clardy

Clardy's first argument – that the IOSHA statute does not bar his claim – is foreclosed by the Seventh Circuit Court of Appeal's decision in *Groce v. Eli Lily & Co., supra.*

---

[1] The public policy exception also allows an employee to bring a retaliatory discharge claim against his or her employer for filing a worker's compensation claim.  *Groce*, 193 F.3d at 502-03 (citing *Campbell v. Eli Lilly & Co.*, 413 N.E.2d 1054, 1061 (Ind. Ct. App. 1980)).

In *Groce*, the plaintiff (Groce) was terminated seven days after reporting a safety violation to his employer.  *Groce,* 193 F.3d at 498-499.  Groce made complaints of workplace health and safety violations only to his employer, *id.* at 499, and thus, did not avail himself of the statutory remedy in Indiana Code Section 22-8-1.1-38-1.  The Seventh Circuit held that in order to fall within the public policy exception to the at-will employment doctrine, Groce had to show that "'a clear statutory expression of a right or duty [was] contravened' and that his discharge was in retaliation for the exercise of that right or duty." *Id*. at 503 (citing *Orr*, 689 N.E.2d at 718).  The Seventh Circuit held that because the Indiana legislature created a specific statutory remedy for retaliatory discharge for complaining of a health or safety issue by enacting Indiana Code Section 22-8-1.1-38-1, and because Groce could have pursued that remedy, Groce was precluded from bringing a common law claim for retaliatory discharge.  *Id*. at 504.  The Court therefore dismissed Groce's retaliatory discharge claim.  *Id.* at 504 ("Because Mr. Groce did not pursue the remedies provided by the statute on which he wishes to rely . . . we hold that the district court correctly determined that Mr. Groce has not stated a cognizable claim for retaliatory discharge under Indiana law.").

Like Groce, Clardy only reported the alleged safety violations he observed to his employer, MPW.  Clardy could have availed himself of the IOSHA discrimination statute, Indiana Code Section 22-8-1.1-38-1, but he did not.  Unfortunately for Clardy, that was his only remedy, and thus, his common law retaliatory discharge claim must be dismissed.

4

**B.     The Nature of the Statutory Remedy is Irrelevant for Purposes of the Public Policy Exception.**

Clardy also argues that the IOSHA statute does not afford adequate remedies or provide for a private right of action.

The statutory remedies afforded by Indiana Code Section 22-8-1.1-38.1 would have provided Clardy adequate relief because the statute expressly states that if the complaint is ultimately successful, the aggrieved employee may recover "all appropriate relief, including rehiring, or reinstatement of the employee to his former position with back pay . . . ." Clardy seeks "reinstatement and/or other appropriate relief." (Plaintiff's Response at 6). Thus, Indiana Code Section 22-8-1.1-38.1 provides the same remedy as Clardy has acknowledged he is seeking in this lawsuit. As the *Groce* Court stated, "[t]he statute could have provided adequate relief for an employee wrongfully discharged for engaging in activity protected by IOSHA." *Groce*, 193 F.3d at 504.

Clardy also argues that the statute does not afford him sufficient access to the court system because the Commissioner of Labor institutes the lawsuit rather than the aggrieved party. Again, this argument is foreclosed by the holding in *Groce*.

**IV.     Conclusion**

Because Clardy could have pursued adequate remedies under Indiana Code Section 22-8-1.1-38.1 for his termination, the public policy exception to Indiana's employment-at-will doctrine does not apply. Consequently, he has not stated a claim for which relief can be granted. Defendant's Motion to Dismiss Complaint (Docket # 9) is

5

hereby **GRANTED**.


**SO ORDERED** on this 12th day of September 2011.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Kyle Frederick Biesecker
BIESECKER DUTKANYCH & MACER, LLC
kfb@bdlegal.com

James Braden Chapman II
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
jchapman@beneschlaw.com

Robert E. Dezort
MILLISOR & NOBIL CO., L.P.A.
rdezort@laborlawyers.com

Peter S. French
BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP
pfrench@beneschlaw.com

Melanie L. Webber Schreiner
MILLISOR & NOBIL CO., LPA
mwebber@millisor.com